IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GREGORY JAY HARRISON, <br> TDCJ-CID No. 02236153, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | 2:24-CV-127-Z-BR |
| BRYAN COLLIER, *et al.*, | § <br> § <br> § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT**

Before the Court is the Complaint (ECF 3) filed by Plaintiff Gregory Jay Harrison ("Harrison") against Defendants Bryan Collier, Raleigh Breedon, Leeroy Cano, Stormie Smith, Securus, LLC and Aventiv Technologies, alleging violations of Harrison's civil rights under 42 U.S.C. § 1983. Harrison filed this lawsuit *pro se* while a prisoner in the Jordan Unit of the Texas Department of Criminal Justice ("TDCJ") in Pampa, Texas, and has been granted permission to proceed *in forma pauperis*. As such, his lawsuit is subject to preliminary screening as provided by the Prison Litigation Reform Act ("PLRA"). Pursuant to such screening and for the reasons stated below, the Magistrate Judge recommends that Harrison's Complaint be DISMISSED under 28 U.S.C. §§ 1915 and 1915A.

## I. STANDARD OF REVIEW

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* Section 1915A(b)

1

(applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483-84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings).

In evaluating the sufficiency of a complaint, the Court accepts well-pleaded factual allegations as true, but does not credit conclusory allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard than attorneys when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (*citing Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. Legal Analysis

### A. Factual Background.[1]

Harrison's Complaint arises from delays in receiving mail from his family due to TDCJ's policy of requiring incoming mail to be scanned by Securus for inmates to read on a tablet. (ECF

---

[1]These background facts are taken from Harrison's Complaint (ECF 3) and questionnaire responses (ECF 8) and are assumed to be true for the purpose of evaluating the merits of Harrison's causes of action.

3 at 4). He claims that the up to three-month delay caused by the scanning process has caused him to miss letters telling him to call dying family members in the hospital to say goodbye before they passed away. These mail delays, he states, have caused him undue stress and duress on both himself and his family. (*Id*.).

Harrison filed this civil rights lawsuit on June 11, 2024, against Defendants Bryan Collier ("Collier"), Bobby Lumpkin ("Lumpkin"), Tammy Shelby ("Shelby"), Raleigh Breeden ("Breeden"), Leeroy Cano ("Cano"), Stormie Smith ("Smith"), Securus LLC ("Securus") and Advantiv Technologies ("Advantiv"). (*Id.*). Collier is the executive director of TDCJ, whom Harrison claims has the "final say-so" on operational changes and must have approved the electronic mail delivery program. (ECF 8 at 1). Lumpkin, at the time Harrison filed his Complaint, was the executive director of the TDCJ's correctional institution division. As a supervisor, Harrison contends, Lumpkin saw the complaints and issues regarding the mail system and failed to rectify the problems. (*Id*. at 2). Shelby is the executive director over the TDCJ mail system. (*Id.* at 3). Breedon is the Jordan Unit warden, and Cano is the assistant warden, both of whom also failed to eliminate the delays. (*Id*. at 3, 4). Smith is the mail room supervisor of the Jordan Unit who "no longer has any control over when [the mail] will show up." (*Id*. at 5). Harrison also sues Securus and its parent company, Advantiv, as the providers of the allegedly deficient mail scanning service.

Harrison asks the Court to reinstate paper mail until the glitches in the electronic delivery system are eliminated or until a more efficient and quicker mail delivery system is implemented. (ECF 3 at 4). For the reasons stated below, the Complaint should be dismissed as frivolous.

**A.      Mail Delay Is Not a Constitutional Violation.**

Harrison alleges that his First Amendment rights were violated by mail delays of three

3

months due to TDCJ's policy of scanning hard copies and requiring inmates to read mail electronically. The policy has caused him to miss important family information, and money orders never made it into his inmate trust fund account, nor were they returned to the sender. (ECF 8 at 3). However, an allegation that a prisoner's mail was delayed, without more, is insufficient to show a constitutional violation. *See Pinson v. U.S. Dep't of Just.*, No. CV 12-1872 (RC), 2015 WL 13673660, at *3 (D.D.C. July 28, 2015); *LaVergne v. McDonald*, 2020 WL 7090064, at *6 n. 62 (M.D. La. Nov. 23, 2020), *R. & R. adopted*, 2020 WL 7081598 (M.D. La. Dec. 3, 2020).

Harrison does not allege that he has been prevented from sending or receiving mail as a result of the TDCJ scanning policy, and it does not appear that Harrison's mail was censored in any way. He does not claim that the scanning policy has affected his legal mail. He has failed to identify any person in the prison mailroom or otherwise who has had direct and personal involvement with any intentional mishandling of his mail. The simple fact that his mail is delayed by the new scanning process is not a constitutional violation.

Regarding his missing money orders, such claim does not implicate the U.S. Constitution if a viable state post-deprivation remedy exists to redress the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 542 (1981). Under the *Parratt/Hudson* doctrine, "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate post[-]deprivation remedy." *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (quotation marks and citations omitted). Even if Harrison had named an individual defendant who was intentionally stealing his money orders, the Texas judicial and administrative systems allow prisoners to file ordinary tort claims, such as conversion, or pursue an administrative remedy for lost property. *See Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir.

1995); *Spurlock v. Schroedter*, 88 S.W.3d 733, 737 (Tex. App.--Corpus Christi 2002). Accordingly, Harrison has not stated a constitutional violation due to mail delays.

**B.      Supervisory Liability Claims Against Collier, Lumpkin, Shelby, Breeden and Cano.**

Harrison alleges that Collier, Lumpkin, Shelby, Breeden and Cano (the "Supervisory Defendants") are liable as supervisors who have control over the mail scanning process. Under Section 1983, however, supervisors are not liable for the actions of others, including their subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Instead, only the direct acts or omissions of the supervisor will support a claim for individual liability under Section 1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 692 (1978); *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 349 (5th Cir. 2012); *see also Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) (a plaintiff bringing a Section 1983 action must "specify the personal involvement of each defendant"). A supervisor may be held liable under Section 1983 only when (1) the supervisor was personally involved in the constitutional deprivation, (2) there is a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or (3) the supervisor implemented a policy so deficient that the policy itself violates constitutional rights and is the moving force behind a constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *see also Peña v. City of Rio Grande City*, 879 F.3d 613, 620 (5th Cir. 2018); *Gates v. Tex. Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008).

To the extent that Harrison sues the Supervisory Defendants in their capacity as supervisors, Harrison fails to state a claim. Neither Harrison's Complaint nor his questionnaire responses allege facts establishing that any of the Supervisory Defendants were personally involved in a decision that violated his constitutional rights, nor does Harrison allege that the Supervisory Defendants implemented a specific policy that resulted in a constitutional violation.

Even if the Supervisory Defendants personally implemented the electronic mail policy of which he complains, the late receipt of mail from family members is not a constitutional violation, as shown above. Therefore, even if a policy implemented by the Supervisory Defendants created mail delays, the policy does not violate Harrison's constitutional rights. Harrison's claim against the Supervisory Defendants should be dismissed as frivolous.

**C.     Claims Against Smith and Shelby.**

Harrison alleges that TDCJ policy provides that mail cannot be delayed longer that three days without just cause or a written notice, but that delays have lasted up to three months. He sues Smith and Shelby for violation of TDCJ's mail policy. (ECF 8 at 3, 5). However, an assertion that officials failed to follow prison rules or policies does not state a constitutional claim. *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012), *citing Jackson v. Cain*, 864 F.2d 1235, 1251–52 (5th Cir. 1989); *see also Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam). TDCJ's policies, internal rules and regulations, standing alone, do not create federally protected rights. *See Sandin v. Conner*, 515 U.S. 472, 487 (1995); *Jackson*, 864 F.2d at 1251-52 ("A state's failure to follow its own procedural regulations does not establish a violation of due process, because constitutional *minima* may nevertheless have been met." (internal quotation omitted)). The allegation that Smith and Shelby failed to follow a prison rule, even if true, does not state a constitutional law violation.

**D.     Claims Against Defendants Securus and Aventiv.**

Harrison sues Securus and Aventiv for the mail delays. To state a civil rights claim under Section 1983, a plaintiff must allege facts showing that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979). The requirement to show

that a defendant violated a plaintiff's rights while acting under color of state law means the defendant must be a state actor. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). Private parties are not state actors subject to suit under Section 1983 unless their conduct is "fairly attributable to the state." *Moody*, 868 F.3d at 352; *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law….").

The mere fact that Securus has contracted with TDCJ to provide tablets and mail scanning services to TDCJ inmates does not make Securus, its employees, or its parent company a "state actor" for the purpose of Section 1983 liability. *Aguirre v. Securus Technology*, No. 6:24-cv-141, 2024 WL 5151140 (E.D. Tex. July 29, 2024) (collecting cases), *R. &. R adopted*, 2024 WL 5145953 (E.D. Tex. Dec. 17, 2024). Because neither Securus nor Aventiv are state actors, Harrison's claims against them must be dismissed as frivolous.

**E.      Leave to Amend.**

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The district court is not required to allow such an opportunity, though, if the prisoner's claims are clearly frivolous, *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), or if the prisoner has pleaded his best case in the current complaint. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020). Harrison has fully responded to the Court's questionnaire and set out his claims in adequate detail in his Complaint. Further amendment would be futile because he cannot overcome the fact that a delay in receiving mail from family members is simply not a violation of his constitutional rights. Harrison has pleaded his best case; therefore, leave to amend is unnecessary.

RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Harrison's claims should be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and that Harrison be issued a strike within the meaning of 28 U.S.C. § 1915(g).

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 10, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).